UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ECP EAST LLC,**

    **Plaintiff,**

vs.                                                         Case No.: 8:13-cv-01891-T-27TGW

**ROBERT C. NUCCI, MD, LLC et al.,**

    **Defendants.**

_____/

## ORDER

Before the Court is an Agreed Motion for Leave to File Settlement Document Under Seal (Dkt. 75). The parties seek leave to file their Loan Modification Agreement under seal, contending that it contains a confidentiality provision and includes confidential financial terms of their settlement. They argue that placing the document in the public domain may cause Defendant's creditors to interpret its willingness to settle "as a sign of weakness that will impact negotiating tactics" and that ECP's other borrowers may view its willingness to accept a discounted payoff "as an open invitation to negotiate with ECP a substantially reduced payoff of their indebtedness to ECP." Neither of these concerns outweigh the public's First Amendment interest.

A presumption of openness applies to judicial proceedings. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right of access necessarily extends to judicial records, "if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir.1983). The common law right of access is implicated by any pretrial motion that requires

1

judicial resolution of the merits, and can be overcome only by a showing of "good cause." *See Chicago Tribune Co.*, 263 F.3d at 1310-12.[1]

Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Although the parties agreed to seal their settlement agreement, the decision to seal is the court's prerogative, not the parties', and the right to file a document under seal does not automatically follow an agreement of confidentiality. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002); *see Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992) (parties' agreement to keep documents confidential or seal materials is "immaterial" to court's decision regarding the public's right of access).

To balance the public's First Amendment interest in access to court documents against the parties' interest in keeping the information confidential, one must consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

With respect to the Loan Modification Agreement the parties desire to file under seal, the degree and likelihood of injury described by the parties is at best, speculative. Nor have they discussed whether less onerous alternatives to sealing, such as redaction, are available. *See Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5874584, at *2 (M.D. Fla. Oct. 31, 2013) ("Good cause is established by showing that disclosure will cause 'a clearly defined and

---

[1]*See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988) (summary judgment motions); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (*Daubert* materials).

2

serious injury.'") (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)); *Brown v. Novartis Pharms. Corp.*, No. 7:08-cv-00130-FL, 2011 WL 5974570, at *3 (E.D.N.C. Nov. 29, 2011) (denying motions to seal because the parties do not address why alternatives to sealing are inadequate). Moreover, the parties do not demonstrate how their interest in having the document sealed outweighs the common law right of access, particularly given that the document is proffered in conjunction with a yet-to-be-filed motion to approve settlement. *See In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2013 WL 2156599, at *4 (S.D.W.V. May 17, 2013) (denying motion to seal addressed to "sensitive business information that [the party] would prefer to keep confidential" because party did not demonstrate a "compelling interest" that would overcome the right of access).

On balance, therefore, the parties have not demonstrated "good cause" for sealing the document. Accordingly, their Agreed Motion for Leave to File Settlement Document Under Seal (Dkt. 75) is **DENIED**.

**DONE AND ORDERED** this 19th day of August, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record